UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| DERRON SMITH, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 12-0571 (EGS) Document No. 1 |
| LYNN LEIBOVITZ, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

MEMORANDUM OPINION

This action, brought *pro se* by a prisoner in the custody of the Bureau of Prisons, is before the Court on review of the complaint under 28 U.S.C. § 1915A.  Under that statute, the Court is required to screen a prisoner's action and to dismiss it as soon as feasible upon a determination that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from officials who are immune from such relief.  Although it appears that any one or all of those grounds may apply here, the Court will dismiss the complaint on the ground that plaintiff has failed to state a claim.

Plaintiff is a prisoner incarcerated at the Federal Correctional Institution in Estill, South Carolina.  He names as defendants two judges of the Superior Court of the District of Columbia, an assistant United States attorney, two assistant federal public defenders, and a United States probation officer.  A court docket attached to the complaint reveals that plaintiff is suing defendants for their participation in court proceedings that ultimately resulted in the revocation of his probation on April 28, 2011, following a hearing.

2

In the complaint, plaintiff alleges that on April 19, 2011, he was "[i]nprisoned [sic] . . . without the 'issuance' of the 4th Amendment and 14th Amendment to the Constitution." Compl. at 1. Plaintiff appears to claim that the named defendants acted without arresting and charging him with a crime, *see id.*, which if proven true would be a clear violation of the Fifth Amendment's due process clause. Plaintiff also appears to challenge his placement "in a Federal Correctional Institution" as a violation of the Eighth Amendment. Plaintiff seeks a jury trial "to resolve the matter" and a "private settlement" of $120,000 "[f]or every day of false [d]etention." *Id.* at 2. In addition, plaintiff seeks "[t]o be released from any farther [sic] penalties related to the sentence received pertaining to the April 19, 2011 'Emergency Cause Hearing'." *Id.*

As an initial matter, the premise of the complaint is belied by the attached court docket indicating that plaintiff was afforded due process consistent with the Constitution. *See Ellis v. District of Columbia*, 84 F.3d 1413,1421-24 (D.C. Cir. 1996) (explaining that due process in revocation proceedings is generally limited to notice and an opportunity to be heard in a meaningful and reasonably timely manner) (discussing *Morrissey v. Brewer*, 408 U.S. 471 (1972)). Nevertheless, the Court will first address plaintiff's claim for monetary damages and then his claims for injunctive relief.

1. Claim for Monetary Damages

Plaintiff's claim for monetary damages fails for the following three reasons. First, the named judges, prosecutors, and probation officer are absolutely immune from this lawsuit because the claims are predicated on acts they allegedly took in their official capacities. *See Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993) (judges); *Atherton v. District of*

*Columbia Office of Mayor*, 567 F.3d 672, 686 (D.C. Cir. 2009) (prosecutors); *Turner v. Barry*, 856 F.2d 1539, 1541 (D.C. Cir. 1988) (probation officers).

Second, the named public defenders are not subject to suit for constitutional violations because they are not state or federal actors who may be held liable for damages under 42 U.S.C. § 1983 or its federal analogue established in *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See Hinton v. Rudasill*, 624 F. Supp. 2d 48, 50 n.2 (D.D.C. 2009) (finding plaintiff's Sixth Amendment claim alleging ineffective assistance of counsel "not cognizable in a civil suit for damages against a private individual, because the Sixth Amendment restrains only governments, not private individuals, and neither public defenders nor court appointed criminal defense counsel are state or federal actors.") (citing *Polk County v. Dodson*, 454 U.S. 312, 325 (1981)) (other citations omitted).

Third, plaintiff has not shown that the challenged sentence has been officially invalidated by, *inter alia*, a court's issuance of a writ of habeas corpus, which, under the alleged circumstances, is a prerequisite to plaintiff's recovery of monetary damages. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

    2. Claims for Injunctive Relief

Plaintiff's claim to effectively vacate the challenged sentence fails because his remedy lies in the Superior Court by motion under D.C. Code § 23-110. *See Byrd v. Henderson*, 119 F.3d 34, 36 (D.C. Cir. 1997) ("[A] District of Columbia prisoner seeking to collaterally attack his sentence must do so by motion in the sentencing court - the Superior Court - pursuant to D.C. Code § 23-110.") (footnote omitted); *see also Williams v. Martinez*, 586 F.3d 995, 999 (D.C Cir. 2009) (observing that "*Blair-Bey* . . . confirms that section 23-110(g) divests federal courts of

4

jurisdiction [] over habeas petitions by prisoners who . . . have an effective section 23-110 remedy available to them.") (citing *Blair-Bey v. Quick*, 151 F.3d 1036 (D.C. Cir. 1998)). To the extent that plaintiff is challenging the basis of BOP's custody over him, presumably he has an available habeas remedy under 28 U.S.C. § 2241 that he must pursue in the judicial district where he is incarcerated, namely, the United States District Court for the District of South Carolina. *See Stokes v. U.S. Parole Com'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004) ("[A] district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction."); *accord Rooney v. Sec'y of Army*, 405 F.3d 1029, 1032 (D.C. Cir. 2005) (habeas "jurisdiction is proper only in the district in which the immediate, not the ultimate, custodian is located") (internal citations and quotation marks omitted).

## CONCLUSION

For the foregoing reasons, the Court, acting *sua sponte*, will quash the issued summonses and dismiss this action for failure to state a claim upon which relief can be granted. A separate Order accompanies this Memorandum Opinion.

SIGNED:    EMMET G. SULLIVAN
UNITED STATES DISTRICT JUDGE

DATE: June 22, 2012